Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106571)
email: erosenfeld@wkclegal.com
Armine Alajajian (CA Bar No. 313211)
email: aalajajian@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 313
Facsimile:  (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>**ROSEN HILL, LLC,**<br>**d/b/a Costume Co-Op, a California**<br>**Limited Liability Company,**<br><br>                    Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§1132, 1145<br> 29 U.S.C. §185] |

Plaintiffs allege as follows:

## JURISDICTION

1.  Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2.  In accordance with ERISA §502(e) (29 U.S.C. §1132(e)), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.  Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)).

4.  The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "employee pension benefit plans" as defined ERISA §3(2) (29 U.S.C. §1002(2)). The Motion Picture Industry Health Plan ("Health Plan") is an "employee welfare benefit plan" as defined in ERISA §3(1) (29 U.S.C. §1002(1)). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515 (29 U.S.C. §1002(37)(A); 29 U.S.C. §1145). Plaintiffs are fiduciaries with respect to the

Plans within the meaning of ERISA §21(A) (29 U.S.C. §1002(21)(A)). The Plans were established pursuant to collective bargaining agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in Studio City, California.

5. Plaintiffs are informed and believe and thereon allege that defendant Rosen Hill, LLC ("Rosen Hill"), doing business as Costume Co-Op, is a California limited liability company, authorized and existing under and by virtue of the laws of the State of California, with its principal place of business in North Hollywood California, within this judicial district.

6. At all relevant times herein, Rosen Hill has been an "employer" in an industry affecting commerce, within the meaning of the LMRA and ERISA.

7. This complaint is prosecuted pursuant to the LMRA §302(a), and ERISA §§502 and 515, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

8. On or about January 16, 2014, Rosen Hill entered into a collective bargaining agreement with Local 705 Motion Picture Costumer's ("Union") for the period commencing November 12, 2012 to and including November 11, 2015, wherein Rosen Hill agreed to participate in the Motion Picture Industry Pension and Health Plans, as specified in the IATSE and M.P.T.T.A.A.C. Basic Agreement, for all of its employees performing work covered by the terms of the Agreement ("the Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated herein by this reference as "Exhibit 1."

9. On or about January 16, 2014, in conjunction with the execution of the Agreement, Rosen Hill executed an IATSE Trust Acceptance, wherein Rosen Hill agreed to be bound by all terms and conditions of the Trust Agreements establishing the Pension Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to the Plans on behalf of each employee covered by the Agreement. A true and correct copy of the IATSE Trust Acceptance is attached hereto and incorporated herein by this reference as Exhibit "2."

10. Rosen Hill also entered into a Controlled Employer Agreement, wherein Rosen Hill agreed to make contributions to the Plans on behalf of shareholders, Jo Rosen-Goldstein and Holly Hill, on a continuous 56 hour per week basis within five (5) working days following the end of the weekly payroll period, except as otherwise provided in the Controlled Employer Agreement. A true and correct copy of the Controlled Employer Agreement is attached hereto and incorporated herein by this reference as Exhibit "3."

11. The Agreement and Controlled Employer Agreement (collectively the "Agreements") were in full force and effect during all times relevant herein.

12. The Trust Agreements obligate Rosen Hill to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all employees covered by the Agreements, by the last day of the week following the week in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

13. Pursuant to the terms of the Trust Agreements, Rosen Hill agreed that in the event of a delinquency it would pay liquidated damages. The Trust Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount presumed to be the greater of 20 percent (20%) of the amount of contributions

due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

14. The Trust Agreements further provide that in the event of a delinquency Rosen Hill shall be liable to the Plans, in addition to contributions, and liquidated damages, for all expenses of collection, including all costs, reasonable accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

15. Plaintiffs are informed and believe and upon that basis allege that Rosen Hill employed persons who performed work covered under the Agreements, but failed to report and pay contributions to the Plans.

16. On or about May 6, 2016, the Plans completed and published an audit of the records of Rosen Hill, which disclosed for the first time that Rosen Hill had underpaid contributions during the period of November 20, 2013 through July 25, 2015. Based upon information provided by the Employer the audit was revised. On November 16, 2016 the Plans published the revised audit which disclosed that Rosen Hill had failed to pay contributions during the period of November 20, 2013 through July 25, 2015 (the "Audit"). Prior to the completion of the Audit, Plaintiffs were unaware that Rosen Hill had failed to properly report and pay contributions.

17. To date, the Plaintiffs have incurred expenses of $3,000.00 in auditing Rosen Hills's records.

18. In accordance with the Trust Agreements, interest has accrued on the unpaid contributions disclosed by the Audit. Interest is continuing to accrue from the date of publication of the Audit as provided in the Trust Agreements until the contributions are paid in full.

19. The Plans assessed liquidated damages upon the unpaid contributions disclosed by the Audit. At all times mentioned herein, it was and now is

impracticable and extremely difficult to fix the amount of actual damage to the Plaintiffs as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions. Liquidated damages are continuing to accrue on the unpaid contributions from the date of publication of the Audit.

20. Rosen Hill has further failed to make controlled employer contributions to the Plans in accordance with the provisions of the Controlled Employer Agreement. Rosen Hill currently owes $925.70 for unpaid employee shareholder billings for the period of November 20, 2013 through July 25, 2015.

21. As a result of Rosen Hill's failure to report and pay contributions, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

22. As a result of Rosen Hill's breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

23. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreement, Controlled Employer Agreement and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF ERISA

24. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

25. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreement, the Controlled Employer Agreement and the Trust Agreements, Rosen Hill has violated ERISA §515. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2) and 515, Plaintiffs are entitled to and hereby demand, payment of all contributions and controlled-employee contributions determined to be due, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreement and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Rosen Hill, LLC, d/b/a Costume Co-Op, a California limited liability company, as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1. For unpaid contributions in the sum of $30,413.62 for the period of November 20, 2013 through July 25, 2015, and such other contributions as may be determined and be owed according to proof;

2. For $925.70 owed for the period of November 20, 2013 through July 25, 2015 pursuant to the Controlled Employer Agreement, and such additional amounts that may be owed according to proof;

2. For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions from due dates until paid.

3. For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4. For payment of audit costs in the sum of $3,000.00;

5. For attorneys' fees and costs; and

6. For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

DATED: May 26, 2017

Kathryn J. Halford, Esq.
Elizabeth Rosenfeld, Esq.
Armine Alajajian, Esq.
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

By:    */s/ Armine Alajajian*
      ARMINE ALAJAJIAN
      Attorneys for Plaintiffs the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Individual Account Plan, and the Motion Picture Industry Health Plan